UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,,<br><br>    Defendants. | No.  1:23-cv-00946-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILUR E TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 14) |

Plaintiff David Allen is a civil detainee proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed May 28, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

As previously stated, Plaintiff is a civil detainee housed at Coalinga State Hospital. Plaintiff names Brandon Price-Executive Director, Robert Withrow-Medical Director, Joel Castaneda-Hospital Administrator, Francis Hicks-Clinical Administrator, Amy Hernandez-Nursing Administrator, James Walter-Nursing Coordinator, and Rudy Chavez-Program Director, as Defendants.

///

///

Plaintiff alleges that each Defendant "made an intentional decision with respect to the conditions under which the plaintiff was confined."

Plaintiff further alleges that each Defendant "[a]s a member of the Executive Team he[/she] provided full authorization under the State Department of State Hospital's Covid-19 Transmission-Based Precautions and Testing August 2020 that was updated on January 10, 2022 to allow staff who have tested positive for Covid-19 and are asymptomatic may return to work immediately without isolation and without testing an those who have been exposed and are asymptomatic to work inside the Secured Treatment Area where patients reside."

Defendants were "aware that hospital personnel assigned to the isolation unit were leaving the Secure Treatment Area through the main mall area w[h]ere hundreds of civil detainees congregate after being exposed to civil detainees that have Covid-19."

"Those conditions put the plaintiff at substantial risk of suffering serious harm. Despite knowing of the great magnitude of Covid-19, defendant[s] … failed to take any reasonable measure to ensure that the constitutional rights of plaintiff were protected. Such a failure constituted deliberate indifference to the due process rights of plaintiff."

Defendants "did not take reasonable available measures to abate that risk, even through [sic] a reasonable officer in the circumstances would have appreciated the high degree of risk involved-making the consequences of the defendant's conduct obvious."

Defendants were "aware of the unsafe civil conditions of confinement, but [were] deliberately indifferent to plaintiff's safety by persisting in operation of an ineffective management course of personnel and procedures through policies and failure to monitor employee operations, which were outside the limits of professional standards."

"By not taking such measures, the defendants caused the plaintiff's injuries. Defendant[s] … knowingly and continues [sic] to refuse to terminate the acts, customs, practices of his subordinates, which they knew were causing and would cause constitutional injury upon plaintiff. The failures on the part of defendant[s] … constituted acquiescence in the constitutional deprivations that resulted or constituted a reckless and callous indifference to the rights of plaintiff. Plaintiff has twice contracted Covid-19 and has been continuously exposed to hospital

3

personnel that are Covid-19 positive through the present day."

Defendants "by acting with both deliberate indifference to the risk of substantial harm to plaintiff knew or should have known that allowing infected hospital personnel inside the Secured Treatment Area would subject plaintiff to substantial harm, and negligence in performance of his official capacity employment duties, actions, and failure to act as … caused or participated in causing the violation of plaintiff's established constitutional rights at the DSH-Coalinga maximum security forensic facility."

Defendants "failed to take corrective action through his personal choices by refusing or failing to perform his established and assigned duties of his employment as … violated plaintiff's established Fourteenth Amendment rights by deliberately and knowingly creating an unsafe civil conditions of confinement. The California Department of State Hospital's Covid-19 Transmission-Based Precaution and Testing policy and the customs and practices of exposed staff to expose civil detainees, including plaintiff to Covid-19 is the moving force of the violation of plaintiff's due process rights protected under the Fourteenth Amendment."

## III.

## DISCUSSION

**A.     Exposure to COVID-19**

"[P]retrial detainees ... possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."); Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "Pretrial detainees, whether or not they have been declared unfit to proceed, have not been convicted of any crime. Therefore, constitutional questions regarding the circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment." Trueblood v. Washington State Dep't of Soc. & Health Servs., 822 F.3d 1037, 1043 (9th Cir. 2016) (internal quotation mark, alterations, and citations omitted).

To state a claim of unconstitutional conditions of confinement against an individual defendant, a civil detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

"The COVID-19 pandemic is 'unprecedented,' and no one questions that it poses a substantial risk of serious harm to [prisoners]." Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) (citation omitted); see also Williams v. Dirkse, No. 1:21-cv-00047-BAM (PC), 2021 WL 2227636, at *9 (E.D. Cal. June 2, 2021) ("The transmissibility of the COVID-19 virus in conjunction with [the prisoner plaintiff's] living conditions are sufficient to satisfy that 'conditions put the plaintiff at substantial risk of suffering serious harm.' ").

Since the COVID-19 pandemic, many district courts within the Ninth Circuit have addressed similar claims related to the virus. See, e.g., Cedillos v. Youngblood, No. 1:21cv00138 DAD BAM PC, 2021 WL 2534534, at *4 (E.D. Cal. June 21, 2021). Many courts have found that COVID-19 does pose a substantial risk of serious harm. Id. (citing Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020)).  However, Plaintiff must state more than "generalized allegations that [Defendants] have not done enough to control the spread." Id. Rather, Plaintiff must "specifically identify a defendant's challenged conduct, explain how such conduct is unreasonable under the circumstances, and describe how such conduct harmed Plaintiff." Id.

For example, "generalized allegations that Defendants have not done enough to enforce six-feet social and living distancing, or provided sufficient cleaning supplies, in order to control the spread of COVID-19" is not sufficient to state a claim. McKissick v. Gastelo, 2021 WL 2895679, at *5; see also Cedillos, 2021 WL 2534534, at *2, *4 (no cognizable claim based on allegations that inmates were not being quarantined, cells and showers were not disinfected after

contamination, inmates who tested positive were rotated, living quarters were dirty, and showers have discarded and soiled personal products).

Here, Plaintiff alleges that all Defendants were "aware that hospital personnel assigned to the isolation unit were leaving the Secure Treatment Area through the main mall area w[h]ere hundreds of civil detainees congregate after being exposed to civil detainees that have Covid-19." (ECF No. 14 at 22, 25, 27, 29, 31, 34, 36.)  While Plaintiff list his complaints, these do not amount to more than generalized allegations that inadequate COVID-19 procedures were followed.  Simply reciting such generalized allegations, without more specific allegations that explain how Defendants subjected Plaintiff to a substantial risk of serious harm, does not sufficiently state a claim. See McKissick, 2021 WL 2895679, at *5; Cedillos, 2021 WL 2534534, at *2, *4.

Moreover, Plaintiff does not allege that any Defendant had specific knowledge of any alleged preexisting conditions to establish that any Defendant had the requisite mental state to support an Eighth Amendment claim.  In examining whether a prison official subjectively acted with deliberate indifference to the risk of COVID-19, the key inquiry is not whether the official responded perfectly, complied with every CDC guideline, or completely averted the risk; instead, the key inquiry is whether the official "responded reasonably to the risk." Benitez v. Sierra Conservation Ctr., Warden, No. 1:cv-00370-BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021); see also Plata, 445 F. Supp. 3d at 564 ("The question is whether [p]laintiffs have demonstrated that [d]efendants' response to the COVID-19 epidemic is unreasonable.").  A prison official responds reasonably to the risk when she has "not disregarded a known risk or failed to take any steps to address the risk," even if the prison's response has been inadequate. Benitez, 2021 WL 4077960, at *6.

Further, as stated by this Court, "at the onset of the pandemic in 2020, the guidance provided by the CDC was frequently inconsistent and, in retrospect, wrong.  In 2020, the situation was new and the government was struggling to respond, and even the CDC has admitted that it did a poor job in communicating accurate information. The fact that plaintiff contracted COVID—as did millions of people worldwide—is insufficient to impose liability on the

6

defendants." Martinez v. Campell, Case No. 1:22-cv-01549-JLT-SAB (PC), 2024 WL 3792697, at * 1. (E.D. Cal. Aug. 13, 2024). Thus, even if the response was inadequate and an outbreak occurred, it is not clear that Defendants made intentional decisions relating to Plaintiff's conditions of confinement, that such decisions placed Plaintiff at substantial risk of harm, or that Defendants failed to take steps to avoid a substantial risk. An allegation that Defendants failed to ensure that staff were following policy, is not sufficient to show that the Defendant was personally involved in the alleged rights violations. The Court is not discounting Plaintiff's concerns regarding—and his contraction of—COVID-19. In sum, the second amended complaint does not contain sufficient allegations to state a Fourteenth Amendment claim against any of the named Defendants.

In light of the fact that the Court informed Plaintiff previously of the relevant legal standards governing his claims and he has failed to cure the pleading deficiencies, further leave to amend would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 21, 2024**__

UNITED STATES MAGISTRATE JUDGE