UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-00946-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>Doc. 16 |

Plaintiff David Allen is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on June 23, 2023. Doc. 1. He filed a first amended complaint on October 19, 2023 ("FAC"), which the assigned magistrate judge screened. Docs. 8, 10. The screening order found that plaintiff's FAC failed to state a cognizable claim for relief and granted plaintiff thirty days to file a second amended complaint. Doc. 10. On May 28, 2024, plaintiff filed a second amended complaint ("SAC"). Doc. 14. On August 22, 2024, the Court screened plaintiff's SAC, found no cognizable claim, and issued findings and recommendations recommending dismissal without leave to amend for failure to state a cognizable claim for relief. Doc. 16. The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within fourteen days of service. *Id*.

1

1 at 7.  Plaintiff filed objections on October 7, 2024.  Doc. 19.

2 In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of
3 this case.  After carefully reviewing the file, including plaintiff's objections, the Court finds the
4 findings and recommendations are supported by the record and proper analysis.

5 In his objections, plaintiff contends the magistrate judge applied the incorrect legal
6 standard for deliberate indifference under the Fourteenth Amendment.  Doc. 19.  Plaintiff
7 directs the Court to *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016), noting that
8 an objective standard applies as to whether the defendants acted unreasonably under the
9 circumstances.  *See* Doc. 19 at 3.  Plaintiff also asserts he should be granted leave to file a third
10 amended complaint.  *Id.* at 4.

11 The magistrate judge applied the appropriate legal standard.  In the findings and
12 recommendations, the magistrate judge cited to *Gordon v. County of Orange*, 888 F.3d 1118
13 (9th Cir. 2018), and set forth the correct legal standard applicable to plaintiff's claim under the
14 Fourteenth Amendment.  *See* Doc. 16 at 5.  In *Gordon*, the Ninth Circuit noted that "claims for
15 violations of the right to adequate medical care brought by pretrial detainees against individual
16 defendants under the Fourteenth Amendment must be evaluated under an objective deliberate
17 indifference standard."  *Gordon*, 888 F.3d at 1124–25 (internal quotation and citations omitted).
18 Although at one point the findings and recommendations referenced the Eighth Amendment,
19 Doc. 16 at 6, this single misstatement does not undermine the magistrate judge's overall
20 conclusion that plaintiff has not plausibly demonstrated a Fourteenth Amendment violation, *id.*
21 at 7.  In making this determination, the magistrate judge relied upon other cases that applied the
22 Fourteenth Amendment standard applicable to pretrial detainees.  *See* Doc. 16 at 6–7.

23 Dismissal of the SAC is warranted because plaintiff's allegations are conclusory and
24 lack sufficient factual content to support his Fourteenth Amendment claim.  *Ashcroft v. Iqbal*,
25 556 U.S. 662, 678 (2009) (citation omitted).  Despite having had multiple opportunities to do
26 so, plaintiff fails to sufficiently set forth each defendant's challenged conduct and the alleged
27 causal link of such conduct to a substantial risk of serious harm to plaintiff, which is necessary
28 "to allow the Court to reasonably infer that each named defendant is liable for the misconduct

alleged." *Id.*  As plaintiff has had the prior opportunity to amend his complaint and has been unable to state a cognizable claim, granting further leave to amend would be futile and is therefore not warranted.  *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

Accordingly, it is ORDERED:

1. The findings and recommendations issued on August 22, 2024, Doc. 16, are ADOPTED IN FULL.
2. This action is DISMISSED with prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   May 22, 2025

_____
UNITED STATES DISTRICT JUDGE

3